FILED

01 FEB 29 PM 5: 45

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

IN RE: DISPOSABLE CONTACT
LENS ANTITRUST LITIGATION

CASE NO. 3:94-mdl-1030-J-20HTS

This Document Relates to:

Civil Action Nos.

| | |
|---|---|
| 3:94-cv-657-J-20TJC | 3:97-cv-928-J |
| 3:94-cv-635-J-20 | 3:98-cv-093-J |
| 3:94-cv-780-J-20 | 3:98-cv-511-J |
| 3:97-cv-299-J-20HTS | 3:98-cv-515-J |
| 3:97-cv-698-J | 3:98-cv-536-J |
| 3:97-cv-861-J | 3:98-cv-638-J |

_____/

## FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT
## WITH, AND DISMISSING ACTIONS AGAINST, CIBA VISION CORPORATION

This cause is before the Court on Plaintiffs' Motion for Final Approval of Class Action and

*Parens Patriae* Settlement with CIBA Vision Corporation ("CIBA Vision") (Dkt. 1001) and Defendant

CIBA Vision's Memorandum in Support of Final Approval of its Settlement with Class, Thirty-One

States Suing as *Parens Patriae*, and Florida (Dkt. 1004). Additionally before the Court were eight (8)

written objections (Dkts. 927, 928, 934, 935, 938, 953, 957, & 1018). Lastly, on February 27, 2001,

the Court conducted a hearing on the proposed settlement at which no additional objections were

received.

## I.     Procedural and Factual Background

Whereas, 1) Defendant CIBA Vision; 2) the Plaintiffs, both individually and in their capacities

as class representatives (the "Class Plaintiffs"), and their counsel, in Civil Action Nos. 3:94-cv-

657-J-20TJC, 3:94-cv-635-J-20 and 3:94-cv-780-J-20 (collectively, the "Class Action"); 3) the

Plaintiff-States of Alabama, Alaska, Arizona, Arkansas, California, Connecticut, Delaware, Idaho,

181

Illinois, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Missouri, Nevada, New Jersey, New York, North Carolina, North Dakota, Ohio, Oregon, Texas, Utah, West Virginia and Wisconsin, and the Commonwealths of Massachusetts, Pennsylvania and Virginia (collectively, the "States"), in their capacities as sovereigns, as *parens patriae* on behalf of natural persons for whom the States may act, and as *parens patriae* on behalf of the States' economy and general welfare in Civil Action Nos. 3:97-cv-299-J-20HTS, 3:97-cv-698-J-20TJC, 3:97-cv-861-J20HTS, 3:97-cv-928-J-20HTS, 3:98-cv-93-J-20HTS, 3:98-cv-511-J20HTS, 3:98-cv-515-J-20TJC, 3:98-cv-536-J-20HTS, and 3:98-cv-638-J-20HTS, (the "States Action"); and 4) the State of Florida ("Florida"), as sovereign, as *parens patriae* on behalf of natural persons for whom Florida may act, and as *parens patriae* on behalf of Florida's economy and general welfare, entered into a Settlement Agreement, dated May 2, 1997 (the "Settlement Agreement"), to resolve, *inter alia*, the claims asserted against Defendant CIBA Vision in the Class Action, the Florida Action, and the States Action;

WHEREAS, on or about September 5, 1996 (Dkt. 130), the Court, after briefing and argument, certified a consumer class in the Class Action consisting of: "All purchasers of Vistakon, B&L ["Bausch & Lomb"] and CIBA replacement contact lenses from eye care practitioners during the period 1988 to the present, excluding consumers in Florida represented by the Florida Attorney General in State of Florida v. Johnson & Johnson Vision Products, et al., Case No. 3:94-cv-619-J-20" (the "Class"), and determined that the Class Plaintiffs were adequate representatives of the Class and had claims which were typical of those of its members;

WHEREAS, Florida, following a two-year investigation, entered into a pre-litigation settlement with Defendant CIBA Vision, dated June 28, 1994, and joined the Settlement Agreement to permit Florida residents (as defined herein) to share in its benefits;

2

WHEREAS, on May 14, 1997 (Dkt. 343), the Court entered an Order preliminarily approving the Settlement Agreement;

WHEREAS, on July 28, 1997 (Dkt. 378), the Court modified its class certification Order to exclude consumers residing in Georgia or Tennessee;

WHEREAS, a) Defendant CIBA Vision; b) the Class Plaintiffs on behalf of the Settlement Class (as defined herein); c) the States, Texas and North Carolina; and (d) Florida entered into an amendment to the Settlement Agreement (the "Amendment") as of March 13, 1998;

WHEREAS, by Order dated August 14, 1998 (Dkt. 543), the Court conditionally certified the Settlement Class (as defined herein) and preliminarily approved the Settlement Agreement as modified by the Amendment as being fair, reasonable and adequate pursuant to Rule 23(e), Federal Rules of Civil Procedure, and Title 15 U.S.C. § 15c(c);

WHEREAS, by Order dated September 20, 2000 (Dkt. 918), the Court approved a plan of dissemination of notice and such dissemination was completed on January 31, 2001;

WHEREAS, the Class Plaintiffs, the States, Florida and Defendant CIBA Vision have jointly moved for final approval of the Settlement Agreement as modified by the Amendment and on that basis, dismissal of the claims against Defendant CIBA Vision in the Class Action and the States Action; and

WHEREAS, a hearing was held on February 27, 2001, to finally determine the fairness, reasonableness and adequacy of the Settlement Agreement as modified by the Amendment.

## II.  Definitions

For purposes of this Final Order and Judgment, the terms listed below have the following meanings:

(a) The term "alternative channel of distribution" means any mail order company, pharmacy, buying club, department store, mass merchandise outlet or other distribution alternative which does not

AO 72A
(Rev.8/82)

require that an eye care practitioner (as defined herein), either available on or side-by-side to, its premises, examine the purchaser's eyes in connection with the sale of contact lenses.

(b) The term "Class member" means a member of the Settlement Class.

(c) The term "contact lens" means a medical device made of plastic that is placed on the eye.

(d) The term "eye care practitioner" means an optometrist, ophthalmologist or optician, including, but not limited to, any such person employed by or associated with a retail optical store (as defined herein).

(e) The term "Florida resident" means any natural person who was a resident of the State of Florida at the time he or she, or someone on his or her behalf, purchased CIBA Vision, Bausch & Lomb, Inc. ("B&L") and/or Johnson & Johnson Vision Products, Inc. ("Vistakon") contact lenses.

(f) The term "purchasers of Vistakon, B&L and CIBA replacement contact lenses from eye care practitioners" means any natural person who bought, or on whose behalf someone bought, CIBA Vision, B&L and/or Vistakon replacement contact lenses (as defined herein) from an optometrist, ophthalmologist or optician, or a retail optical store (as defined herein).

(g) The term "replacement contact lenses" means contact lenses that are sold or dispensed to replace the initial contact lenses.

(h) The term "retail optical store" means a store or a chain of stores that sells contact lenses to consumers and employs or has associated an eye care practitioner either available on, or side-by-side to, its premises to examine the purchaser's eyes in connection with the sale of contact lenses, including all stores or chains of stores to which CIBA Vision, Vistakon and/or B&L or their authorized distributors sold contact lenses.

(i) The term "Settlement Agreement" means the Settlement Agreement as modified by the Amendment.

4

(j)  The term "Settlement Class" means all purchasers of Vistakon, B&L and CIBA replacement contact lenses from eye care practitioners during the period 1988 to the present, excluding consumers in Florida represented by the Florida Attorney General in State of Florida v. Johnson & Johnson Vision Products et al., Case No. 3:94-cv-619-J-20.

(k)  The term "State resident" means any natural person who was a resident of any State at the time he or she, or someone on his or her behalf, purchased CIBA Vision, B&L and/or Vistakon contact lenses.

## III.  Pertinent Legal Principles and Analysis

The Court has personal jurisdiction over the parties and has subject matter jurisdiction over the Class Action pursuant to Title 28 U.S.C. §§ 1331 and 1337 and over the States Action pursuant to Title 28 U.S.C.§§ 1331, 1337 and 1367.

The requirements for certification of a settlement class having been established, the Court certifies the Settlement Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Furthermore, the Court determines that the plan for dissemination of notice, preliminarily approved and completed pursuant to the Court's Order dated September 20, 2000 (Dkt. 918), satisfies the requirements of Rule 23(c)(2), Federal Rules of Civil Procedure, Title 15 U.S.C. § 15c(b) and the Due Process Clause of the United States Constitution.

With respect to the Settlement Class, this Court finds that:

a)  The members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

b)  There are questions of law and fact common to the Settlement Class which predominate over any individual questions;

5

c)    The claims of the representatives of the Class are typical of the claims of the Settlement Class;

d)    In negotiating and entering into the Settlement Agreement, the representatives of the Class and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

e)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

All Class members, State residents and Florida residents who timely exercised their right to opt out as provided in the Court-approved notice are identified in Exhibit I attached hereto.

Pursuant to Rule 23(e), Federal Rules of Civil Procedure, and Title 15 U.S.C. § 15c(c), the Court finds that the Settlement Agreement is fair, reasonable and adequate and in the best interests of the Class members, State residents and Florida residents, that all objections to the Settlement Agreement are overruled, and that, accordingly, the Settlement Agreement is approved.

Accordingly, upon due consideration and in accordance with the terms of the Settlement Agreement (and with the exception of those persons identified in Exhibit I attached hereto), it is **ORDERED and ADJUDGED**:

a)    All claims asserted against Defendant CIBA Vision in the Action and the States Action are dismissed with prejudice.

b)    The class Plaintiffs and all Class members, State residents (other than State residents of Connecticut), Florida residents, their successors, heirs and assigns, the States (other than Connecticut), in their capacities as sovereigns, as *parens patriae* on behalf of natural persons for whom they may act, and as *parens patriae* on behalf of their economies and general welfare, and their assigns, and anyone acting on their behalf, including in a representative or derivative capacity, release and forever discharge

6

Defendant CIBA Vision and its present and former parents, subsidiaries, divisions, affiliates, stockholders, benefit plans, officers, directors, employees, agents and any of their legal representatives, and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing (the "Released Parties'): (i) in the case of the Class Plaintiffs, Class members, State residents (other than residents of Connecticut) and the States (other than Connecticut), from all manner of claims, liabilities, demands, actions, suits and causes of action, for damages, restitution, disgorgement, injunctive and/or declaratory relief, whether class, individual, representative, or otherwise in nature, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that accrued prior to the date of this Order and that the Class Plaintiffs, Class members, State residents and the States ever had, now have or hereafter can, shall or may have, which have been asserted or could have been asserted in the Class Action or States Action, including, but not limited to, claims under the Sherman Antitrust Act, Title 15 U. S.C. § 1 *et seq.*, Alabama Restraint of Trade or Production Act, § 8-10-1 *et seq.*, <u>Code of Alabama</u> (1975), Alaska Monopolies and Restraint of Trade Act, AS 45.562 *et seq.*, Arizona's Uniform State Antitrust Act, A.R.S. § 44-1402 *et seq.,* Arkansas Code Ann. § 4-75-201*et seq.*, California Business and Professional Code §§ 16700 *et seq.*, California Business and Professions Code §§ 17200 (including Business and Professions Code § 17206.1), §§ 35-26 and 35-28 of the Connecticut General Statutes, §§ 35-32, 35-34, 35-35 and 35-38 of the Connecticut General Statutes, the Delaware Antitrust Act, 6 <u>Del. C.</u> Chapter 21, the Idaho Antitrust Law, Idaho Code §§ 48-101 *et seq.*, Idaho Code § 48-603(18) of the Idaho Consumer Protection Act, the Illinois Antitrust Act,740 I.L.C.S.10/1 *et seq.*, Iowa Competition Law, Kansas Restraint of Trade Act, KSA 50-101, *et seq.* Louisiana Rev. Stat. title 51 part IV,§ 1401, *et seq.*, Maine Antitrust Statutes, 10 M.R.S.W. § 101, *et seq.*, 5 M.R.S.A. § 205 -A, Maryland Antitrust Act, Maryland Comm. Law Code Ann. 11-201, *et seq.*, Mass. Gen. Laws Ann. ch. 93, §§ 1-14A, and ch. 93A, §§ 2 and 4, § 2 of the Michigan Antitrust

7

Reform Act, MCL 445.772; MSA 28.70(2), the Minnesota Antitrust Law of 1971, Minn. Stat. §§ 325D.49-325D.66, the Missouri Antitrust Law, §§ 416.011 *et seq.*, the Missouri Merchandising Practices Act, §§ 407.010 *et seq.*, N.J.S.A. 56:9-3, Nevada Unfair Trade Prtctices Act, NRS CH.598A, New York General Business Law §§ 340-347, North Carolina Antitrust Act, N.C. Gen. Stat. §§ 75-1 *et* seq., North Dakota's Uniform State Antitrust Act, N.D. Cent. Code §§ 51- 08. 1 -01 *et seq.*, (1995 Supp.), the Ohio Valentine Act, Ohio Rev. Code §§ 59.1-9.1 *et seq.*, Oregon Antitrust Law, ORS 646.705 *et seq.*, the Texas Free Enterprise and Antitrust Act of 1983, Tex. Bus. & Com. Code § 15.01 *et seq.*, Utah Antitrust Act, Utah Code Ann. §§ 76-10-911, *et seq.*, the Virginia Antitrust Act, Va. Code § 59.1-9.1 *et seq.,* the West Virginia Antitrust Act, W. Va. Code § 47-18-1 *et seq.,* the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101 *et seq.*, the Wisconsin Trust and Monopolies Law, §§ 133.03(l), 133.04, 133.16, 133.17 and 133.18, Stats., or any state antitrust law, arising out of or relating to Defendant CIBA Vision's policy, practice, course of dealing and/or decision not to sell its contact lenses directly to alternative channels of distribution and/or to restrain its authorized distributors from doing so; (ii) in the case of Florida residents, from all manner of claims, liabilities, demands, actions, suits and causes of action, for damages, restitution, disgorgement, injunctive and/or declaratory relief, whether class, individual, representative or otherwise in nature, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that accrued prior to the date of this Order and that Florida residents ever had, now have or hereafter can, shall or may have, including, but not limited to, claims under the Sherman Antitrust Act, Title 15 U.S.C. §§ 1 *et seq.*, Florida Statutes §§ 501.201 *et seq.*542.15 *et seq.*, or any state antitrust law, arising out of or relating to Defendant CIBA Vision's policy, practice, course of dealing and/or decision not to sell its contact lenses directly to alternative channels of distribution and/or to restrain its authorized distributors from doing so.

8

c)     State residents of Connecticut, their successors, heirs and assigns, Connecticut, in its capacity as sovereign, as *parens patriae* on behalf of natural persons for whom it may act, and as *parens patriae* on behalf of its economy and general welfare, and its assigns, and anyone acting on their behalf, including in a representative or derivative capacity, shall not assert against any Released Party any manner of claims, liabilities, demands, actions, suits and causes of action, for damages, restitution, disgorgement, injunctive and/or declaratory relief, whether class, individual, representative or otherwise in nature, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that accrued prior to the date of this Order and that State residents of Connecticut and Connecticut ever had, now have or hereafter can, shall or may have, which have been asserted or could have been asserted in the States Action, including, but not limited to, claims under the Sherman Antitrust Act, Title 15 U.S.C. §1 *et seq.*, Section 35-26 and 35-28 of the Connecticut General Statutes, Sections 35-32, 35-34, 35-35 and 35-38 of the Connecticut General Statutes, or any state antitrust law, arising out of or relating to Defendant CIBA Vision's policy, practice, course of dealing and/or decision not to sell its contact lenses directly to alternative channels of distribution and/or to restrain its authorized distributors from doing so (paragraphs (b)(i), (b)(ii) and (c), of this portion of the Order, and collectively, the "Released Claims"); and provided, further, that the Released Claims do not include any product liability claims against Defendant CIBA Vision. Nothing in this Final Order and Judgment is intended to constitute, or shall be construed as, a release of any party other than the Released Parties, including, but not limited to, Vistakon, B&L, the American Optometric Association, any of the other named Defendants in the Class Action or the entities or persons alleged in the Complaint in the States Action to be co-conspirators (collectively, the "Non-Settling Defendants"), including, but not limited to, claims founded, in whole or in part, upon the conduct of the Released Parties.

9

d)     The Class Plaintiffs, all Class members, State residents and Florida residents, their successors, heirs and assigns, and anyone acting on their behalf, including in a representative or derivative capacity, and the States, Florida and their assigns, are hereby permanently enjoined from asserting, instituting or prosecuting, either directly or indirectly, in any suit, action, proceeding or dispute, any Released Claim based, in whole or in part, against any Released Party in any state or federal court or other forum.

e)     In the event a Non-Settling Defendant obtains judgment, in whole or in part, against Defendant CIBA Vision for contribution or indemnity based upon any claim a Class Plaintiff, a State, Florida or a Class member, State resident or Florida resident who has not timely exercised the right to opt out as provided in the Court-approved notice: (i) has asserted under state law against such Non-Settling Defendant in any action in MDL 1030 or in <u>State of California, et al. v. American Optometric Association, et al.</u>, 96 Civ. 6200 (ERK), 97 Civ. 809 (ERK) (Eastern District of New York), or (ii) has asserted or may assert under state law against such Non-Settling Defendant arising out of or relating to Defendant CIBA Vision's policy, practice, course of dealing and/or decision not to sell its contact lenses to alternative channels of distribution and/or to restrain its authorized distributors from so doing, (1) such Class Plaintiff or Class Member, in the case of a judgment arising out of Class Plaintiff or Class Member's claim, (2) such State or State resident, in the case of a judgment arising out of a claim by a State or State resident who is not a Class Member, or (3) Florida or such Florida resident, in the case of a judgment arising out of a claim by Florida or a Florida resident, shall (4) reduce any judgment or proportion thereof obtained against such Non-Settling Defendant by the proportionate amount of such judgment attributable to Defendant CIBA Vision. In the event the judgment or proportion thereof is not so reduced, such Class Plaintiff, State, Florida or such Class Member, State

10

resident or Florida resident shall not attempt to collect from such Non-Settling Defendant such amount attributable to Defendant CIBA Vision.

      f)    The Class Plaintiffs, all Class members, State residents and Florida residents, their successors, heirs and assigns, and the States (in their capacities as sovereigns, as *parens patriae* on behalf of natural persons for whom they may act, and as *parens patriae* on behalf of their economies and general welfare) and their assigns, and anyone acting on their behalf, including in a representative or derivative capacity, are hereby deemed to have waived and released any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>Certain Claims Not Affected by General Release</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Class Plaintiffs, all Class members, State residents and Florida residents, their successors, heirs and assigns, and the States and their assigns, and anyone acting on their behalf, including in a representative or derivative capacity, may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Claims, but (i) Class Plaintiffs, all Class members, State residents and Florida residents, their successors, heirs and assigns, and the States and their assigns, and anyone acting on their behalf, including in a representative or derivative capacity, are hereby deemed to have expressly waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other or different facts, and (ii) State residents of Connecticut, their successors, heirs and assigns, and Connecticut, in its capacity as sovereign, as

AO 72A
(Rev.8/82)

*parens patriae* on behalf of natural persons for whom it may act, and as *parens patriae* on behalf of its economy and general welfare, and its assigns, and anyone acting on their behalf, including in a representative or derivative capacity, waive and fully, finally and forever settle and covenant not to assert any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other or different facts.

g)      Defendant CIBA Vision is enjoined for a period of five years (5) from the Settlement Agreement becoming final hereunder, from changing its existing sales and distribution policy to the extent that such policy allows the sale of its contact lenses, and permits its authorized distributors to resell its contact lenses, directly to alternative channels of distribution. Defendant CIBA Vision has the right to petition the Court for modification of this paragraph (g) if it believes the following warrant such modification: (1) there are changed circumstances; (2) Defendant CIBA Vision is at a competitive disadvantage; or (3) Defendant Vistakon and/or Defendant B&L prevail at trial; provided, however, the Class Plaintiffs and the States reserve the right to oppose any such petition.

h)      Nothing in this Final Order and Judgment or the Settlement Agreement is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant CIBA Vision or of the truth of any of the claims or allegations in the Class Action, the States Action, or in any other action in MDL 1030.

Without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over (a) the Settlement Agreement, including its administration and consummation, and in order to determine issues relating to attorneys' fees, costs and expenses and to any distribution of the Settlement Fund to Class members, State residents or Florida residents; and (b) Defendant CIBA Vision, the Class Plaintiffs, Class members, State residents, Florida residents, the States and Florida,

AO 72A
(Rev.8/82)

for the purpose of enabling any of them to apply to the Court at any time for further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of this Final Order and Judgment. The Class Plaintiffs, the States, Florida, and all Class members, State residents and Florida residents who are not identified in Exhibit I hereto are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment and/or the Settlement Agreement, including its applicability, and to have irrevocably waived and agree not to assert by way of motion, defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

The Court finds, pursuant to Rule 54(b), Federal Rules of Civil Procedure, that there is no just reason for delay, and, therefore, the Plaintiffs' Motion for Final Approval of Class Action and *Parens Patriae* Settlement with CIBA Vision Corporation (Dkt. 1001) is **GRANTED** and the Clerk is **DIRECTED** to enter this Final Order and Judgment as to Defendant CIBA Vision.

**DONE AND ENTERED**, at Jacksonville, Florida, this _28th_ day of February, 2001.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:       Counsel of Record
                 Garry Randolph, Courtroom Deputy Clerk
                 Law Clerk

13

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re DISPOSABLE CONTACT LENS ) MDL Docket No. 1030
ANTITRUST LITIGATION )
_____ )
)
This Document Relates To: )
)
    Civil Action Nos.: )
94-657-Civ-J-20C  97-928-Civ-J )
94-635-Civ-J-20   98 - 93-Civ-J )
94-780-Civ-J-20   98-511-Civ-J )
97-299-Civ-J-20A  98-515-Civ-J )
97-698-Civ-J      98-536-Civ-J )
97-861-Civ-J      98-638-Civ-J )
_____ )

**EXHIBIT I**

# MDL 1030 OPT-OUT STATEMENTS FILED BEFORE 1/31/01

Bodine, Jean
21511 St. Road 80
Alva, FL 33920
1/29/01

Butler, Colleen
P.O. Box 127
Raleigh, MS 39153
11/27/00

Eddleston, Diana
61150 Parkwood Ct.
Bend, OR 97702
1/3/01

Fogg, Jeffrey #269799
Delaware Correctional Center
Smyrna, DE 19977
1/19/01

James, Amy Elizabeth
2727 Lee Rd. 12
Lot 122
Auburn, AL 36832
1/18/01

Jones, Roberta E.
225 Audobon Dr.
Winchester, TN 37398
1/29/01

Klaas, Frederick P.
5426 Dennis Drive
McFarland, WI 53558
11/27/00

Meadows, Jacque
1204 Kathy Lane SW
Decatur, AL 35601
1/19/01

Molczyk, Heather
8220 Oxford Cir.,
Apt. 11101
Wichita, KS 67226-1845
1/19/01

Reed, Mary
601 Westwood Ave.
Prairie Grove, AR 72753
12/19/00

Sullivan, Gerri
P.O. Box 127
Raleigh, MS 39153
11/27/00

Zovak, Skye
3215 N. Charles St
Apt. 302
Baltimore, MD 21218
12/4/00

RECEIVED

01 JAN 29  AM 8: 29

CLERK  U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Jan 24, 2001

Please exclude me from this
class action lawsuit regarding
Case number 3:97-MDL-1036-J-26A
& for Zi...were settlement.

Signed,
[signature]

RECEIVED

## REQUEST FOR EXCLUSION

00 NOV 27 AM 8:57

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE. FLORIDA

November 21, 2000

Ms. Sheryl L. Loesch, Clerk
United States District Court
For the Middle District of Florida
P. O. Box 53558
Jacksonville, FL 32201

RE:   Case No: 3:94-MDL-1030-J-20A

Please exclude me from the Case No. 3:94-MDL-1030-J-20A. My name is Colleen
Butler, P. O. Box 424, Raleigh, Mississippi 39153.

Thank You,

Colleen Butler

Diana C. Eddleston
61150 Parkwood Court
Bend Oregon 97702

01 JAN -3 AM 8: 04

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE. FLORIDA

Ms. Sheryl L Loesch, Clerk
United States District Court
for the Middle District of Florida
P.O. Box 53558
Jacksonville, FL 32201

December 28 2000

## Case number 3:94-MDL-1030-J-20A

### Request for Exclusion

Dear Clerk of United States District Court

This is a **Request for Exclusion** from the above case. Please send the relevant documents to me at the above address.

Yours truly,

Diana C. Eddleston

Jeffrey Fogg 269744
Delaware Correctional Center
Smyrna, DE 19977

RECEIVED
01 JAN 19 AM 8:28
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

January 11, 2001.

Ms. Sheryl L. Loesch, Clerk
United States District Court
for the Middle District of Florida
P.O. Box 53558
Jacksonville, Fl. 32201

RE: In Re: Disposable Contact Lens Antitrust Litigation
(Civil Action No. 3:94-MDL-1030-J-20A)
Entry of Appearance — pro-se
→ Exclusion From Class Action Lawsuits

Dear Clerk:

Please "enter my appearance" and "exclude" me
from the class action lawsuits. I will proceed
pro-se in representing myself.

Thank you,

Jeffrey Fogg — Pro-se

P.S. Please send me my case number.

January 11, 2001

This is a Request for Exclusion from the Contact Lens Settlement lawsuit. I wish to be excluded from both the classes and the lawsuit of the contact lens settlement. The case number is 3:94-MDL-1030-J-20A.

Thank You,

Amy Elizabeth James

2727 Lee Road 12 Lot 122
Auburn, AL 36832

Phone: 334-502-6804

25 Jan 01

Ms Sheryl L. Loesch, Clerk
US District Court for
the Middle District of FL
PO Box 53558
Jacksonville Fl. 32201

Please exclude me from
participation in Case
3:94-MDL-1030-J-20A

Roberta E. Jones
225 Audobon Dr
Winchester, Tn 37398

Thank you.

Roberta E Jones

RECEIVED

00 NOV 27 AM 8: 55

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

REQUEST FOR EXCLUSION

FREDRICK P. KLAAS
5426 DENNIS DRIVE
McFARLAND, WI 53558

REFERENCE # 3:94-MDL-1030-J-20A



January 14, 2000

Ms Sheryl L. Loesch, Clerk
United States District Court
for the Middle District of Florida
P.O. Box 53558
Jacksonville, Fl 32201

RECEIVED

01 JAN 19 AM 8:30

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Dear Ms. Loesch

Please consider this my request for exclusion from the Civil Action
against Johnson & Johnson vision product, Bausch & Lomb, or Ciba
Vision Contact Lens. The case number is 3:94-MDL-1030-J-20A.
After reading the letter in refrence to this action. I prefer not to
participate.

Thank You,

Jacque Meadows

Jacque Meadows
1204 Kathy Lane SW
Decatur, Al 35601

January 14, 2001

To: Sheryl L. Loesch, Clerk
United States District Court for the Middle District of Florida
P.O. Box 53558
Jacksonville, FL 32201

From: Heather Molczyk
8220 Oxford Cir Apt 11101
Wichita, KS 67226-1845

Re: **Request for Exclusion**

Dear Ms. Loesch:

I am writing to request exclusion from both the class lawsuits and Plaintiff States'
lawsuit concerning case number 3:94-MDL-1030-J-20A.

Thank you,

Heather Molczyk
CBA00126742
CBA00126747

In reference of Case Number
3:74-MDL 1030-J-20A
I choose not to participate in the
Proposed settlement.

Mary E. Reid
601 Westwood Ave.
Prairie Grove, Ar. 72753



02/12/2001 11:54 9843556868

RECEIVED

00 NOV 27 AM 8: 57

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## REQUEST FOR EXCLUSION

November 21, 2000

Ms. Sheryl L. Loesch, Clerk
United States District Court
For the Middle District of Florida
P. O. Box 53558
Jacksonville, FL 32201

RE:     Case No: 3:94-MDL-1030-J-20A

Please exclude me from the Case No. 3:94-MDL-1030-J-20A. My name is Gerri
Sullivan, P. O. Box 931, Raleigh, Mississippi 39153.

Thank You,

Gerri Sullivan

December 1, 2000

Ms. Sheryl L. Loesch, Clerk
United States District Court
for the Middle District of Florida
P.O. Box 53558
Jacksonville, FL 32201

Dear Ms Loesch,

SUBJECT: REQUEST FOR EXCLUSION: CASE 3:94-MDL-1030-J-20A

I request exclusion from case 3:94-MDL-1030-J-20A concerning contact lens wearers.

Respectfully,

Skye Zovak

RECEIVED

00 DEC -4 AM 8: 24

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

3217 NORTH CHARLES ST. APT 302
BALTIMORE, MD 21218

02/12/2001   11:34   9043558860   DOUG CHUNN

MDL 1030 LATE OPT-OUT STATEMENTS FILED AFTER 1/31/01

Clark, Cheryl Ann
215 Balsam Dr.
Newfoundland, PA 18445
2/5/01

RECEIVED

26 January 2001

01 FEB -5 AM 8: 38

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE. FLORIDA

Ms. Sheryl L. Loesch, Clerk
United States District Court
For the Middle District of Florida
P. O. Box 53558
Jacksonville, FL 32201

Dear Ms. Loesch,

This is in reference to a summary notice for the Contact Lens Antitrust Litigation 94-MDL-1030-J-20A. Even though I did purchase contact lenses after January 1, 1988 and am entitled to participate in the class action lawsuit that is in progress. However, I chose not to participate.

One of my friends thought they would be doing me a favor by filling out the form for me on the computer since I didn't. It has been quite a while since I purchased contact lenses and I haven't used contact lenses in several years.

Therefore, I would like to file a Request for Exclusion from the class actions and the lawsuits in this case.

Sincerely,

Cheryl Ann Clerk
215 Balsam Drive
Newfoundland, PA 18445
3:94-MDL-1030-J-20A

late